IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PAUL D. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 21-cv-1501-NJR** |
| | ) | |
| | ) | |
| **ROB JEFFREYS and** | ) | |
| **DAVID MITCHELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Paul D. Williams, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Williams alleges IDOC entered the wrong offense in its system and miscalculated his sentence in violation of his Fourteenth Amendment due process rights. He seeks monetary damages and a correction of his sentence calculation.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Williams makes the following allegations in the Complaint (Doc. 1): Williams pled guilty to two charges: Aggravated Robbery and Aggravated Discharge of a Firearm/Occupied Building (Doc. 1, pp. 6, 9-10). But when IDOC entered the charges in its system, Williams alleges, IDOC improperly changed one of the charges to Vehicular Hijacking (*Id*. at pp. 6, 11). The Hijacking charge carries the same 8-year sentence as the two charges he pled guilty to, but requires Williams to serve 85% of his sentence as opposed to the 50% requirement that his two actual charges carry (*Id*. at p. 6). Williams alleges as a result of the mistake, his incarceration time has been improperly increased. He alleges that he has contacted the records office, counselors, and personnel in Springfield, as well as the Cook County court which sentenced him, all to no avail (*Id*. at p. 4). According to Williams, IDOC blames the criminal court for the mistake, and the criminal court blames IDOC (*Id*.). Williams contacted both IDOC and the court by phone (*Id*. at p. 5).

## Discussion

Based on the allegations in the Complaint, the Court designates the following single count:

> **Count 1:**     **Fourteenth Amendment due process claim against Rob Jeffreys and David Mitchell for miscalculating Williams's sentence.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Simply put, Williams's claim for damages and a sentence recalculation is barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). A plaintiff seeking damages under Section 1983 for a sentencing miscalculation must first have the improper sentence invalidated. *Id.* If the nature of the procedural challenge would necessarily imply the invalidity of the sentence, then the claim is not cognizable under Section 1983. *See Edwards v. Balisok,* 520 U.S. 641, 645 (1997). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [Section] 1983." *Heck,* 512 U.S. at 481. Although a plaintiff may challenge his continued confinement in a habeas corpus action pursuant to 28 U.S.C. § 2254, he must first present all of his claims to the Illinois courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. Further, Williams does not allege that he is currently being held in prison beyond his proper release date. Accordingly, his Complaint is **DISMISSED without prejudice** for failure to state a claim.

Although this Court normally gives a plaintiff an opportunity to amend his complaint before dismissing it, the Court may deny leave to amend where an amendment

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In this case, an amendment would not correct the problems presented by Williams's claims. Accordingly, no leave to amend will be granted.

## Disposition

For the reasons stated above, Williams's Complaint is **DISMISSED without prejudice**. No leave to amend is granted. This dismissal does not preclude Williams from bringing a state or federal claim in a newly-filed action.

Williams is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *see also Ward v. Akpore*, 702 F. App'x 467 (7th Cir. 2017) (upholding district court's decision to dismiss complaint at screening for failure to state a claim and to assess a "strike" because claim was *Heck*-barred); *Cannon v. Newport*, 850 F.3d 303 (7th Cir. 2017) (upholding dismissal of complaint that included *Heck*-barred claim and resulted in the assessment of a "strike").

If Williams wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Williams does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir.

1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 22, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**